UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

**MAR 0 1 2006**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-180-KSF

BETTY CUNNINGHAM, LINDA JONES,
ROSE MARY KELLER AND
WILMA STANDAFER, on behalf of
themselves and all others similarly situated,                    PLAINTIFFS

V.                              **OPINION & ORDER**

OSRAM SYLVANIA, INC.                                             DEFENDANT

* * * * * * * * * * * * *

This matter is before the Court on the defendant's motion to dismiss [DE #6], and the

plaintiffs' motion for an extension to file a response to the motion to dismiss after discovery [DE

#8]. Having been fully briefed, both matters are ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs in this action are four former employees of defendant Osram Sylvania

Products, Inc.'s ("Sylvania") Winchester, Kentucky plant. All of the plaintiffs retired in 1998 or

2000. While employed, the plaintiffs were represented by the International Union, United

Automobile Aerospace and Agricultural Implement Workers of America ("UAW").

The plaintiffs filed their Complaint under §301 of the Labor-Management Relations Act

("LMRA"), 29 U.S.C. §185. They request certification of a class action under Federal Rule of

Civil Procedure 23, and their sole cause of action is for breach of a collective bargaining

agreement. Specifically, the plaintiffs allege that their retiree health insurance benefits are lifetime

benefits which can never be altered. The plaintiffs complain about Sylvania's decision to "cap" the company contributions toward the monthly insurance premium cost of certain retirees. These contributions had previously been "uncapped," however, as of 2003, all retirees have been uniformly classified as "capped" premium retirees. The plaintiffs allege that this change breached a collective bargaining agreement in violation of §301 of the LMRA.

## II.   DEFENDANT'S MOTION TO DISMISS

The defendant moves the Court to dismiss the plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### A.   Standard

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court shall construe the pleading liberally and take all well-pleaded facts as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). In short, the issue when considering a motion to dismiss is not whether plaintiff will ultimately prevail, but rather, whether plaintiff is entitled to offer evidence in support of his claims.

### B.   Parties' Positions

In its motion, the defendant claims that during the collective bargaining, the UAW repeatedly proposed and failed to achieve the unalterable lifetime health insurance benefits for retirees that the plaintiffs claim apply. The defendant states that the UAW proposed a contract guaranteeing unchangeable retiree benefits precisely because the collective bargaining agreements provided for no such relief. However, the defendant notes that in 1998 and 2001, Sylvania

2

rejected the proposal for lifetime retiree benefits and UAW withdrew the bargaining demand.

Secondly, the defendants argue that the collective bargaining agreements refer to the plan documents, which reserve Sylvania's right to modify the plan unilaterally. Similarly, the defendant notes that a disclaimer regarding its right to modify or terminate benefits can be found on the letter that is sent to all retirees every October describing the changes made to their benefits for the upcoming year. The defendant claims that the plan documents and the October letters carefully preserve Sylvania's right to make changes to the health insurance plans of retirees. Finally, Sylvania argues that they have previously changed the plaintiffs' retiree benefits without challenge, resulting in a waiver of the plaintiffs' right to claim that their benefits are unchangeable.

The plaintiffs did not tender a response to the defendant's motion to dismiss. Rather they filed a motion to defer responding to the defendant's motion to dismiss until after completing necessary discovery. In this motion the plaintiffs claim that the defendant's motion is actually a motion for summary judgment and therefore improper prior to discovery. In support of this argument, the plaintiffs argue that the defendant's motion is based on facts and documents outside the pleadings and further argue that the plaintiffs have not had an opportunity to conduct discovery into these factual matters. The plaintiffs claim that they need discovery regarding proposals made during negotiations; plan documents; and information regarding what coverages have been in effect and what specific changes have been made to benefits. For these reasons, the plaintiffs ask the Court to grant their motion and permit them to delay filing a brief in opposition to the defendant's motion until after they have had an opportunity to conduct discovery.

In its reply, the defendant argues that the plaintiffs' motion is procedurally and substantively deficient. In support of this argument, the defendant states that the information

3

sought is immaterial to the dispositive issues raised by Sylvania. The defendant makes two main points in opposition to the plaintiffs' response. First, the defendant argues that the plaintiffs are not entitled to Rule 56(f) relief because their petition under Rule 56(f) is defective because the affidavit relied on and attached to the plaintiffs' response was that of their counsel and not "a party opposing the motion," as required by Rule 56(f). The defendant states that the plaintiffs have not shown a legitimate reason why they are unable to present by affidavit a proper showing of facts that are essential to justify the party's opposition as required by Rule 56(f). In addition, the defendant states that the plaintiffs have decades of personal knowledge relevant to the issues they raise in their Complaint and therefore they cannot claim to lack knowledge of the issues raised by the defendant.

Second, the defendant argues that the discovery sought by the plaintiffs is immaterial to the dispositive issues in this matter. The defendant argues that neither Rule 12 or Rule 56 require the Court to permit needless, costly, and immaterial discovery. The defendant notes that the facts relating to the current motion to dismiss were readily available to the plaintiffs and the plaintiffs have not satisfied their burden under Rule 56. For all of these reasons, the defendant asks the Court to deny the motion to permit discovery and grant the motion to dismiss.

## III.   ANALYSIS

The relevant portion of Rule 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

4

Fed.R.Civ.P. 56(b). The plaintiffs argue that this section supports their motion for an enlargement of time to conduct discovery before responding to the defendant's motion to dismiss. However, the claims at issue in the defendant's motion to dismiss are not claims that address documents with which the plaintiffs are unfamiliar.

The collective bargaining agreements and the plan documents are not new documents. The plaintiffs are familiar with these documents, so much so that one of the plaintiffs was actually a member of the bargaining committee (Rose Mary Keller). The affidavit of J. Douglas Allen, the Human Resources Director for Sylvania, states that the application form given to all retiring employees contains a disclaimer that Sylvania reserves the right to modify or terminate benefits. Furthermore, the affidavit references the similar disclaimer that can be found on the letter sent to all retirees each October describing changes for the upcoming year. Collectively the plaintiffs would have received multiple letters of this type from Sylvania, yet none of them have ever challenged the changes until now.

In its motion, the defendant states that the intent of the parties governs above all other considerations. See, UAW v. BVR Liquidating, Inc., 190 F.3d 768, 772 (6th Cir. 1999). The intent of Sylvania has been clearly stated in the collective bargaining agreement, in the plan documents, and in the letters to the retirees every October. Sylvania clearly reserved the right to change retiree benefits and has changed said benefits in the past without challenge. Therefore, the current change is no more a breach of the collective bargaining agreement than the previous changes would have been. For this reason, the Court will grant the defendant's motion to dismiss.

## IV.   CONCLUSION

Therefore, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS,

that the defendant's motion to dismiss [DE #6] is GRANTED; the plaintiffs' motion for an

extension of time to file a response after discovery [DE #8] is DENIED; and judgment shall be

entered contemporaneously herewith.

This __1st__ day of March, 2006.

_____

KARL S. FORESTER, SENIOR JUDGE

6